UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMIR BEDAGHI,

Petitioner,

v.

ANDRE QUINONES; and BRUCE SCOTT,

Respondents.[1]

C26-2640 TSZ

ORDER

THIS MATTER comes before the Court on Amir Bedaghi's petition for a writ of habeas corpus, docket no. 6. Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following order.

**Background**

Petitioner is a citizen of Iran and Albania. *See* Subero Decl. ⁋ 3 (docket no. 10). In December 2015, petitioner arrived at the John F. Kennedy airport in New York, and he

[1] Counsel for the Acting Director of the Seattle Field Office for Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") has indicated that Andre Quinones should be substituted for Julio Hernandez pursuant to Federal Rule of Civil Procedure 25(d). *See* Resp. at 1 n.1 (docket no. 9).

was paroled into the United States for humanitarian reasons. *See id.* ⁋ 4. Petitioner's parole was repeatedly extended, and his last extension expired in December 2023. *See* Parole Extensions, Exs. 1 & 2 to Clark Decl. (docket nos. 11-1 & 11-2).

Sometime around November 2025, petitioner tried to enter Canada. He was denied entry, and on November 20, 2025, Canadian Border Service Agents escorted petitioner to the Pacific Highway, Washington, Port of Entry. *See* Subero Decl. ⁋ 7 (docket no. 10). Because petitioner did not have "a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document," U.S. authorities charged him as inadmissible that same day. *Id.* ⁋ 8; *see also* 8 U.S.C. § 1182(a)(7)(A)(i)(I). They issued a notice to appear ("NTA"), and detained petitioner in the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"), where he remains. *See id.* ⁋ 12.

On July 30, 2026, petitioner appeared before an immigration judge ("IJ"), who determined that he was removable to Albania. *See id.* ⁋ 13. Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"), and his appeal remains pending. *See id.* ⁋ 14. Upon submitting a filing fee, petitioner filed the present petition on October 8, 2026. *See* Pet. (docket no. 6).[2] Petitioner seeks immediate release, or in the alternative, release on bond. *See id.* at 2.

---

[2] Citing *Singh v. Mullin*, 2:26-cv-1418-BAT (W.D. Wash. May 20, 2026), respondents contend that petitioner has already had a habeas petition denied. *See* Resp. at 2 (docket no. 9). The referenced case did not, however, relate to petitioner Bedaghi, but rather involved a petitioner named Simrandeep Singh, a citizen of India.

**Discussion**

The Court has authority to grant a writ of habeas corpus to an individual who is "in custody in violation of the Constitution or law or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3).

**A. Statutory Basis for Detention**

At the U.S. border, applicants for admission are generally subject to the procedures described in 8 U.S.C. §§ 1225(b)(1) or (b)(2). Section 1225(b)(1) applies to noncitizens who are "initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Under § 1225(b)(1), noncitizens can be subject to expedited removal proceedings that do not have the same "procedural protections" that are "available in standard removal proceedings." *Bhandari v. Bondi*, 2026 WL 369403, at *2 (W.D. Wash. Feb. 10, 2026). In contrast, § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Section 1225(b)(2) provides for standard removal proceedings under 8 U.S.C. § 1229a. Whether a noncitizen is subject to expedited removal proceedings under § 1225(b)(1) or standard removal proceedings under § 1225(b)(2), both provisions authorize mandatory detention for some noncitizens. *See Jennings*, 583 U.S. at 287.

Respondents contend that petitioner is subject to mandatory detention under § 1225(b)(1). *See* Resp. at 3 (docket no. 9). However, petitioner's NTA initiated standard removal proceedings against him under 8 U.S.C. § 1229a, rather than expedited removal proceedings under § 1225(b)(1). *See* NTA, Ex. 6 to Clark Decl. (docket no. 11-6)

(initiating proceedings under INA § 240, which is codified at 8 U.S.C. § 1229a). Accordingly, petitioner is subject to mandatory detention under § 1225(b)(2). *See Mohan v. Noem*, 2026 WL 764176, at *3 (W.D. Wash. Mar. 18, 2026) (finding a petitioner mandatorily detained under § 1225(b)(2) because he took a "brief foray into Canada" and was then "detained at a port of entry" despite years of living in the United States).

**B. <u>Legality of Detention</u>**

There is no statutory limit to the length of mandatory detention. *Wang v. Scott*, 2026 WL 3150795, at *3 (W.D. Wash. Oct. 21, 2026). "Nevertheless, '[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'" *Id.* (quoting *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1168 (W.D. Wash. 2019)). To determine if mandatory detention has become "unjustifiably prolonged" in violation of the right to due process, "courts in this District apply the '*Banda* test.'" *Raj BC v. Hernandez*, 2026 WL 3033534, at *2 (W.D. Wash. Oct. 9, 2026). The *Banda* test has six factors: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings cause[d] by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." 385 F. Supp. 3d at 1106 (citation omitted). The Court considers these factors in turn.

"'[T]he most important factor' under the *Banda* test is the length of detention." *Wang*, 2026 WL 3150795, at *4 (quoting *Banda*, 385 F. Supp. 3d at 1118). Here,

respondents concede that petitioner's eleven-month detention weighs in his favor. *See* Resp. at 6 (docket no. 9); *see also Kumar v. Hermosillo*, 2026 WL 523276, at *2 (W.D. Wash. Feb. 25, 2026) (finding that a detention of ten months weighed in a petitioner's favor).

The second factor also weighs in petitioner's favor because he could be subject to mandatory detention pending a long appellate process. Petitioner has appealed the IJ's removal order and is currently subject to detention pending the BIA's review. *See* Subero Decl. ⁋ 14 (docket no. 10). If the BIA affirms, petitioner may further appeal to the Ninth Circuit. Overall, the appellate "process . . . may take up to two years or longer." *See Banda*, 385 F. Supp. 3d at 1119.

The third factor is neutral. "[C]ourts in this District have found that conditions at the NWIPC are, at best, similar to conditions of penal confinement." *See Raj BC*, 2026 WL 3033534, at *3. Such conditions of confinement would weigh in petitioner's favor, but here, the factor is neutral because the record before the Court contains no evidence concerning the conditions at the NWIPC. *See Banda*, 385 F. Supp. 3d at 1119 (similar).

Respondents concede that the fourth factor weighs in petitioner's favor because no evidence exists of any delay on his part. *See* Resp. at 7 (docket no. 9).

The fifth factor weighs in petitioner's favor, as well. No evidence suggests that respondents have intentionally caused delay, but delays, like those "stemming from the 'BIA's and Ninth Circuit's crowded dockets,' are [still] attributable to the Government" and weigh in petitioner's favor. *Wang*, 2026 WL 3150795, at *5 (quoting *Djelassi v. ICE Field Off. Dir.*, 434 F. Supp. 3d 917, 931 (W.D. Wash. 2020)).

The sixth factor is neutral because the outcome of petitioner's appeal is unknown. *See Sadat v. Scott*, 2026 WL 2731575, at *4 (W.D. Wash. Sept. 16, 2026).

With two neutral factors and four weighing in favor of petitioner, the Court concludes that petitioner's detention without a bond hearing violates due process under the Fifth Amendment.

**C. <u>Scope of Relief</u>**

Petitioner seeks immediate release. Courts in this district, however, have "'ordinarily declined to order immediate release' for petitioners in prolonged detention pursuant to Section 1225(b) and instead ordered a bond hearing." *See Amokhan v. Mullin*, 2026 WL 2963560, at *6 (W.D. Wash. Oct. 1, 2026) (quoting *Kumar*, 2026 WL 523276, at *4). A bond hearing is the appropriate next step here.

**<u>Conclusion</u>**

For the foregoing reasons, the Court ORDERS:

(1) Amir Bedaghi's petition for a writ of habeas corpus, docket no. 6, is conditionally GRANTED. By November 12, 2026, respondents shall provide petitioner a bond hearing. At the hearing, the government will have the burden to prove by clear and convincing evidence that petitioner is a danger to the community or a flight risk. *See Banda*, 385 F. Supp. 3d at 1120–21 (collecting cases). Any bond determination must consider petitioner's ability to pay and alternative conditions of release. *Toktosunov v. Wamsley*, 2025 WL 3492858, at *6 (W.D. Wash. Dec. 5, 2025). Respondents must ensure that the hearing is recorded;

(2) Respondents may also comply with this Order by releasing petitioner; *see Raj BC*, 2026 WL 3033534, at *5;

(3) If respondents fail to provide a bond hearing by November 12, 2026, or within a period of continuance requested by petitioner, respondents must release petitioner on November 13, 2026, or the day after the expiration of any period of continuance requested by petitioner;

(4) Within forty-eight (48) hours of a bond hearing or petitioner's release, respondents must file a status report. If a bond hearing occurs, the status report must detail if bond was granted or denied and, if denied, the reasons for the denial. If petitioner is released, the status report must be accompanied by a declaration so stating.

(5) The Clerk is directed to send a copy of this Order to all counsel of record and to petitioner at the NWIPC.

IT IS SO ORDERED.

Dated this 28th day of October, 2026.

Thomas S. Zilly
United States District Judge